# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **WANDA DENISE TROTMAN,** | } |
| *Appellant,* | } |
| v. | } Case No.: 5:24-cv-01587-RDP |
| **MELISSA W. MITCHELL,** | } |
| *Trustee.* | } |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Appellant Wanda Denise Trotman's Motion for Reconsideration Due to Judicial Abdication, Conspiracy, Collusion, Failure to Remedy Constitutional and Procedural Violations and Willful Violation of Appellant's Constitutional Rights. (Doc. # 12). In her Motion, Trotman gave the court a deadline of fourteen days to respond to her Motion. The court needs only two. After careful review, and for the reasons below, the court concludes that the Motion (Doc. # 12) is due to be denied.

**I.   Background**

After an appeal, the court vacated and remanded this case to the Bankruptcy Court on January 22, 2025. (Docs. # 10, 11). In its Memorandum Opinion, the court denied Trotman's requests for monetary relief in the form of compensation for financial losses and punitive damages. (Doc. # 10 at 4). The court did so for multiple reasons, including: (1) it is not clear that the Bankruptcy Court's dismissal of her case was "willful" in the sense that the court knew that Trotman had submitted her filing fee installment and then willfully dismissed Trotman's case despite that knowledge; (2) Trotman herself repeatedly referred to the situation as one of administrative error, implying a mistake, not willfulness; (3) the Bankruptcy Court's Comment

suggests a similar lack of awareness of the issues surrounding receipt of Trotman's money order; (4) Trotman did not cite any case law supporting her request for compensation as part of an equitable remedy under § 105(a); (5) even if compensation were due, federal bankruptcy judges are entitled to judicial immunity; and (6) the record suggests Trotman bears some responsibility for the problems she complains of because if she had alerted the Bankruptcy Court to this perceived error or timely filed a motion to reconsider in the Bankruptcy Court, she would likely not have incurred the cost of appealing this action.[1] (Doc. # 110 at 4-5). The court also denied Trotman's request for punitive damages for three reasons: (1) judicial immunity insulates bankruptcy judges from liability for any damages, including punitive damages; (2) Trotman does not include any facts to support the conclusion that the dismissal was due to the egregious misconduct of court staff or the trustee; and (3) she did not show she was legally entitled to recover punitive damages. (*Id.* at 5).

Now, Trotman has filed a Motion for Reconsideration arguing that the court should have awarded monetary damages, including punitive damages, to Trotman. (Doc. # 12 at 9). In her Motion, Trotman accuses the Bankruptcy Court of conspiring with its staff "to deprive Appellant of one's due process rights," accuses this court of judicial abdication, and charges both courts with raising "serious concerns about the integrity of the judicial process." (*Id.*). At the conclusion of her motion, Trotman makes the following threat to the district court: "The district court's failure to rectify these issues within fourteen (14) days of receipt of this Motion authorizes Appellant **to file a judicial complaint with the Eleventh Circuit and petition for writ of mandamus** and a

---

[1] This is not improperly shifting blame to Trotman. (*Cf.* Doc. # 12 at 11-12). Rather, it is simply a reasonable observation that if Trotman had followed up with the Bankruptcy Court about her concerns before pursuing a time-consuming appeal, her concerns likely would have been remedied.

civil rights complaint with the DOJ to ensure that these violations do not go unaddressed." (*Id.* at 24) (emphasis in original).

The court considers these accusations and threats below, together with Trotman's other arguments for reconsideration.

**II.      Standard of Review**

Rule 59 allows a party to move to alter or amend a judgment in a civil case. Fed. R. Civ. P. 59(e); *Serrano v. United States*, 411 F.App'x. 253, 254 (11th Cir. 2011). "Reconsidering the merits of a judgment, absent a manifest error of law or fact, is not the purpose of Rule 59." *Jacobs v. Tempur-Pedic Intern., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). The moving party must do more than merely ask the court for a reevaluation of an unfavorable ruling. "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007), *cert. denied*, 552 U.S. 1040 (internal citations and quotations omitted). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "Manifest error is an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Hardie-Tynes Co. v. SKF USA, Inc.*, 2022 WL 1082395, at *1 (N.D. Ala. Feb. 1, 2022) (quoting *Barcliff, LLC v. M/V Deep Blue, IMO No. 9215359*, 2016 WL 10894490, at *9 (S.D. Ala. Dec. 20, 2016)). "[R]econsideration of an order is an extraordinary remedy and is employed sparingly" to foster "the interests of finality and conservation of scarce judicial resources." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267 (N.D. Ala. 2006).

Rule 60(b)(3) allows a party to move for relief from a judgment or order based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).

## III.  Discussion

### A.  Threat of Filing Petition for Writ of Mandamus

Initially, the court addresses Trotman's threat to the court that if the court does not "rectify these issues within fourteen (14) days of receipt of this Motion," she will be authorized **to file a judicial complaint with the Eleventh Circuit and petition for writ of mandamus** and a civil rights complaint with the DOJ to ensure that these violations do not go unaddressed." (Doc. # 12 at 24) (emphasis in original). Although Trotman expresses that this court's actions "raise serious concerns about the integrity of the judicial process" (*id.* at 9), she is wrong. But even more to the point, what would raise more serious concerns about judicial integrity and independence is if a court were affected by such baseless and exaggerated ultimatums.[2] The court will not spend any more time than necessary addressing this and the other threats that Trotman makes. And, this is all that is necessary: her arguments are frivolous and specious. Trotman's threat rings hollow.

### B.  Rule 59(e) Motion to Alter or Amend Judgment

Putting aside Trotman's almost comical hyperbole, the court turns to the merits of her argument. Trotman is not entitled to any alteration or amendment of the judgment. She raises no newly-discovered evidence, she has not identified any manifest error of law, and the court again concludes that its judgment was correct.

---

[2] The court notes that Trotman's signature line sounds in "sovereign citizen" language. Whether that is so and whether it has any bearing on her baseless threats is not clear.

Trotman's core argument is that this court erred by failing to award compensatory or punitive damages to her on remand. (Doc. # 12 at 9). As discussed already, there are multiple reasons why Trotman is not entitled to any monetary awards on remand. Most importantly, the Bankruptcy Court and its appointed trustee are immune from liability for paying the cost of Trotman's appeal. *See Bush v. Washington Mut. Bank*, 177 Fed. App'x 16, 17-18 (11th Cir. 2006) (bankruptcy judges are entitled to absolute judicial immunity); *In re Solar Fin. Servs., Inc.*, 255 B.R. 801, 805 (Bankr. S.D. Fla. 2000) (trustee has absolute quasi-judicial immunity when acting in their official capacity).

The bankruptcy judge and the trustee were both acting in their official capacities when the Bankruptcy Court dismissed Trotman's case for failure to pay a filing fee. A court considers four factors when determining whether an act is judicial:

> (1) the precise act complained of is a normal judicial function; (2) the events involved occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the confrontation arose directly and immediately out of a visit to the judge in his official capacity.

*McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018) (quoting *Dykes v. Hosemann*, 776 F.2d 942, 946 (11th Cir. 1985) (en banc)). There is no question that dismissing a case for failure to pay a filing fee is part of a normal judicial function, would have occurred in the judge's chambers, and centered around a bankruptcy case pending before the judge. Because at least three of these four factors point to the fact that this dismissal was a judicial act, it was entitled to absolute judicial immunity.

Those protected by absolute judicial immunity "are entitled to immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1235, 1240 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). "This immunity applies even when the judge's acts

5

are in error, malicious, or were in excess of his or her jurisdiction." *Id.* A bankruptcy judge has clear jurisdiction to dismiss a case for failure to pay filing fees. 11 U.S.C. § 707(a). Therefore, the judge, and derivatively the trustee, are protected by absolute judicial immunity from paying any monetary or punitive damages related to dismissing a case for failure to pay filing fees.

Second, Federal Rule of Appellate Procedure 39(a)(4) states that "if a judgment is . . . vacated, costs are taxed only *as the court orders*." Fed. R. App. P. 39(a)(4) (emphasis added). There is no obligation for the court to order that costs be taxed following a vacatur. Indeed, here, the court could not have done so due to the doctrine of absolute judicial immunity.

Third, unlike after a final judgment, there is no presumption that a party on vacatur and remand is presumptively entitled to have the cost of the appeal paid. *Cf.* Fed. R. App. P. 39(a)(4) (only authorizing costs to be taxed as the court orders); Fed. R. Civ. P. 54 (noting that costs should be allowed to a prevailing party after a *judgment* from which an appeal could lie).

Fourth, Trotman was not forced to file this appeal. As the court highlighted in its Memorandum Opinion (Doc. # 11), the better approach would have been for Trotman to informally (or even formally) raise these objections with the Bankruptcy Court by communicating with the court or filing a motion for reconsideration. Trotman did not do so, and instead chose to file this appeal, which consumed valuable time and required her to pay an additional filing fee.

### C. Rule 60(b)(3) Motion for Relief from Judgment

Trotman is also not entitled to relief from judgment based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Trotman has not detailed how there was fraud upon the courts or any other misrepresentation. Fraud on the court has five elements:

> (1) conduct of an officer of the court; (2) that is directed to the judicial machinery itself; (3) that is intentionally false, willfully blind to the truth, or in reckless

> disregard of the truth; (4) that is a positive averment or concealment when one is under a duty to disclose; and (5) that deceives the court.

*In re Brannan*, 485 B.R. 443, 453 (Bankr. Ct. S.D. Ala. 2013) (quoting *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009)). As noted in the Memorandum Opinion (Doc. # 11), Trotman repeatedly referred to the situation with her filing fee as one of administrative error, implying a mistake – not willfulness. Therefore, even if the Bankruptcy Court's clerk misplaced Trotman's filing fee, Trotman does not set forth *any* facts to show that this was intentionally done, that it involved misrepresentation, or that the opposing party (here, the trustee) was involved in any misconduct. The court also reiterates that even if Trotman had presented any facts to establish one of these grounds for relief (and, to be clear, she has not), the Bankruptcy Court and trustee would still be immune from paying any monetary damages.

**IV.   Conclusion**

For the reasons discussed above, Trotman's Notice of Motion for Reconsideration (Doc. # 12) is **DENIED**.

**DONE** and **ORDERED** this February 5, 2025.

**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE